[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12933
Non-Argument Calendar
_____

Agency No. A089-903-353


LANDANG REN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 2, 2016)


Before JORDAN, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Landang Ren, proceeding *pro se*, seeks review of the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT).[1]   After review,[2] we deny Ren's petition.

## I.  DISCUSSION

Asylum may be granted to an applicant who is a "refugee."  8 U.S.C. § 1158(b)(1)(A).  A "refugee" is defined as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of

---

[1]  Ren failed to exhaust his arguments regarding his CAT claim.  *See Indrawati v. U.S. Att'y. Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015) ("A petitioner fails to exhaust [his] administrative remedies with respect to a particular claim when [he] does not raise that claim before the BIA.").  While Ren made a passing reference to the denial of his CAT claim in his brief to the BIA, he did not provide any specific arguments to support the claim, or point out how the facts showed that he would be tortured if removed to China.  *See id.* (stating while a petitioner is not required to "use precise legal terminology" or provide "a well[-]developed argument to support [his] claim," he "must have previously argued the 'core issue now on appeal' before the BIA," and that "[u]nadorned, conclusory statements do not satisfy this requirement" (quotations omitted)).  Accordingly, we dismiss the petition, in part, as to Ren's CAT claim.  *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (holding we lack jurisdiction to review unexhausted claims); 8 U.S.C. § 1252(d)(1) ([f]inal orders of removal are reviewable only if "the alien has exhausted all administrative remedies available to the alien as of right").

[2] We review both the BIA's and IJ's decisions. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001) (explaining where the BIA expressly agrees with the IJ's reasoning, we review both decisions to the extent of the agreement).  We review conclusions of law *de novo*, and review findings of fact for substantial evidence. *Id.* at 1283-84.  We must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1351 (11th Cir. 2009) (quotation omitted).

persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A).  The burden of proof rests on the applicant to prove refugee status.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001); *see also* 8 U.S.C. § 1158(b)(1)(B)(i).  Accordingly, in order to establish "refugee" status, an applicant must, with credible evidence, establish (1) past persecution on account of any of the protected grounds, or (2) a "well-founded fear" that one of the protected grounds will cause future persecution.  *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230-31 (11th Cir. 2005).

The applicant's testimony, alone, may suffice to meet the applicant's burden, "if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."  8 U.S.C. § 1158(b)(1)(B)(ii).  However, where the IJ "determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."  *Id.*  "The weaker an applicant's testimony, . . . the greater the need for corroborative evidence."  *Yang v. U.S. Att'y. Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005).  Furthermore, "[n]o court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a

3

reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

Substantial evidence supports the BIA's determination that Ren failed to meet his burden of proving he was eligible for asylum because of insufficient corroborating evidence. First, the record does not compel a finding that Ren's testimony was sufficiently detailed and persuasive to establish his asylum claim without more corroborating evidence. *See Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1351 (11th Cir. 2009) (explaining to reverse factual findings by the BIA, we "must find that the record not only supports reversal, but compels it"). Ren's testimony had a number of inconsistencies, and although these inconsistencies did not lead the IJ to make an adverse credibility determination, they support a finding that Ren's testimony alone was not sufficiently persuasive to meet his burden of proof without corroboration. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Yang*, 418 F.3d at 1201.

Second, Ren failed to provide any evidence that would corroborate the alleged persecutory acts committed against him. While he makes a very general argument in his brief on appeal before this Court that obtaining such evidence would have been difficult, he did not assert such an argument before the BIA, thus it is unexhausted. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250

4

(11th Cir. 2006). Accordingly, the record does not compel a conclusion that Ren met his burden of showing past persecution.

Because Ren failed to meet his burden of showing that he suffered persecution, substantial evidence supports the BIA's decision that Ren did not show that he has well-founded fear of future persecution. Ren's uncorroborated testimony did not establish that he in fact suffered the mistreatment he alleges, and the documentary evidence does not compel a finding that Ren has an objectively reasonable fear of future persecution.

Additionally, because Ren failed to meet the standard of proof for his asylum claim, he cannot meet the higher standard of proof for withholding of removal. *See Mohammed v. U.S. Att'y Gen.*, 547 F.3d 1340, 1345 (11th Cir. 2008) ("An applicant who cannot meet the standard for asylum cannot meet the standard for withholding of removal."). Thus, we deny the petition, in part, as to Ren's asylum and withholding of removal claims.

## II. CONCLUSION

Substantial evidence supports the finding that Ren did not meet his burden of proving eligibility for asylum or withholding of removal because he failed to provide sufficient corroborating evidence to support his claims. Further, because Ren failed to exhaust his CAT claim, this Court lacks jurisdiction to review it.

**DISMISSED IN PART; DENIED IN PART.**

5